IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR87 |
| Plaintiff, | )<br>)<br>) | **AMENDED** |
| vs. | ) | **TENTATIVE FINDINGS** |
| CORLEONE MONSHAE McCURRY, | )<br>)<br>) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") in this case. After the original Tentative Findings were issued, the Defendant filed an objection to the PSR. *See* Order on Sentencing Schedule, ¶ 6. The government adopted the PSR. (Filing No. 61.) The Court advises the parties that these Amended Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendants both pleaded guilty to, among other counts, Count III of the Indictment charging a violation of 18 U.S.C. § 924(c). Since their initial appearance, the Defendants have been advised that the statutory penalty faced for a violation of Count III is a consecutive term of imprisonment for 10 years to life. (Filing Nos. 16, 54.) The Defendant now argues that, because his codefendant received a sentence of 5 years on Count III, he is entitled to receive the same sentence. The Defendant argues that there is no showing that the enhanced penalty of a 10-year minimum term of imprisonment described in 18 U.S.C. § 924(c)(1)(A)(iii) applies in his case, arguing that the factual basis is the same for both defendants.

This issue will be discussed at sentencing. However, the Court notes specific parts of the record, including the government's version of the offense:

> [O]ne of the suspects on the second floor discharged a 9mm pistol which was later recovered. . . .  SGT Jerry Baggett . . . saw a muzzle flash through a second story window.  McCurry was arrested on the second floor.
>
> . . . .
>
> DNA swabs [were] taken from all suspects and the pistol and DNA was developed.  Results indicate McCurry, Copeland and Chance Jackson cannot be excluded as the donors of that DNA.  CW statements indicate that McCurry had handled the weapon that day."

(PSR, ¶ 19.)

The Defendant did not submit a version of the offense.  However, he answered question 45 of the Petition to Enter a Plea of Guilty in part as follows: "During the raid, a gun was discharged by someone on the second floor."  (PSR, ¶ 23; Filing No. 53, ¶ 45.)

IT IS ORDERED:

1. The parties are notified that my tentative findings are that the PSR is correct in all respects;

2. The issue raised by the Defendant will be discussed at sentencing;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 2 of this Order, my tentative findings may become final; and

5.     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 19th day of November, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge